**MEI JUAN XU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.***

**No. 08–1799–ag.**

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Ethan B. Kanter, Senior Litigation Counsel, Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Juan Xu, a native and citizen of the People's Republic of China, seeks review of a March 18, 2008 order of the BIA affirming the May 25, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Juan Xu*, No. A98 866 252 (B.I.A. Mar. 18, 2008), *aff'g* No. A98 866 252 (Immig. Ct. N.Y. City May 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility de-

Attorney General Michael B. Mukasey as the respondent in this case.

terminations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

Our review of Xu's brief, and the record in this case, leads us to conclude that the petition for review must be dismissed. We lack jurisdiction to review the agency's determination that Xu's asylum application was time-barred under 8 U.S.C. § 1158(a)(2)(B). *See* 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and questions of law under 8 U.S.C. § 1252(a)(2)(D), Xu's due process argument is, essentially, a challenge to the agency's factual findings cloaked in constitutional garb. *See Saloum v. US-CIS,* 437 F.3d 238, 243 (2d Cir.2006).

While the pretermission of Xu's untimely asylum application does not affect our ability to review the agency's denial of her applications for withholding of removal and CAT relief, she did not challenge the denial of that relief either before the BIA or this Court, abandoning any such arguments. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007). Because we are left with nothing to review, we dismiss Xu's petition.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.